IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Head Kandy LLC, | Case No. 6:24-cv-03189-JDA |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Bo Stegall LLC, | |
| Movant, | |
| v. | |
| Kayla Marie McNeill, | |
| Defendant. | |

This matter is before the Court on Bo Stegall LLC's motion to quash a subpoena sent by Head Kandy LLC ("Head Kandy") to Bo Stegall LLC pursuant to Rule 45 of the Federal Rules of Civil Procedure. [Doc. 1.] For the reasons set forth below, the Court grants Bo Stegall LLC's motion to quash.

## BACKGROUND

The subpoena at issue arises out of an action pending in the Southern District of Florida between Head Kandy and Kayla Marie McNeill ("Ms. McNeill") relating to Ms. McNeill's alleged breach of her employment agreement. [Docs. 1-1 at 1; 1-6.] After previously sending a subpoena duces tecum and deposing Bo Stegall as an individual in July 2023,[1] Head Kandy sent a subpoena to Bo Stegall LLC on April 23, 2024, requesting the deposition of the entity. [Doc. 1-6.]

---

[1] As set forth more fully in the memorandum in support of the motion to quash, Head Kandy previously sent a subpoena to Bo Stegall individually on July 11, 2023, requesting

**APPLICABLE LAW**

Rule 45 of the Federal Rules of Civil Procedure requires a subpoena to be issued from the court where the case is pending. Fed. R. Civ. P. 45(a)(2). However, a motion to quash must be filed with the court in which compliance with the subpoena is required. Fed. R. Civ. P. 45(d)(3)(A). "The parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means. For the purpose of this rule and Rules 28(a), 37(a)(2), and 37(b)(1), the deposition takes place where the deponent answers the questions." Fed. R. Civ. P. 30(b)(4).

"A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). On a timely motion, the court must quash or modify a subpoena that subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). Further, "[t]he court for the district where compliance is required must . . . impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1).

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides in relevant part, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering . . . the parties' relative access to relevant information . . . and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "When discovery is sought from nonparties, however, its scope must be limited even more

---

numerous documents that Bo Stegall produced. [Doc. 1-1 at 1–2.] Head Kandy also deposed Bo Stegall on July 27, 2023, for nearly seven hours. [*Id.* at 2.]

[because nonparties] have a different set of expectations from the parties themselves." *Va. Dep't of Corr. v. Jordon*, 921 F.3d 180, 189 (4th Cir. 2019) (internal quotation marks omitted).

## DISCUSSION

Bo Stegall LLC argues that the subpoena should be quashed because it is an "unrelated entity" that is not relevant to the underlying action and has no knowledge of the deposition topics outlined in the subpoena. [Doc. 1-1 at 2, 4.] The Court agrees.

With its motion to quash, Bo Stegall LLC included a declaration from Bo Stegall stating that "Bo Stegall LLC is no longer operating and its last run payroll was in December of 2022." [Doc. 1-7 ¶ 3.] Additionally, Bo Stegall declares that "[n]o representative of Bo Stegall LLC has personal knowledge of Head Kandy LLC or Kayla Marie McNeill." [*Id.* ¶ 4.] Bo Stegall LLC also challenges the amount of notice provided by the subpoena, contends that Head Kandy failed to tender the required witness fee, and seeks attorney's fees and costs in relation to its motion to quash. [Doc. 1-1 at 5–6.]

Head Kandy, on the other hand, argues that Bo Stegall acted in concert with Ms. McNeill to divert business from Head Kandy to Bo Stegall's business in violation of her non-compete with Head Kandy. [Doc. 2 at 1.] Accordingly, it seeks to have the motion to quash denied and/or to have the motion transferred to the Southern District of Florida for resolution. [*Id.* at 2, 9–16.] Though Head Kandy acknowledges that it took Bo Stegall's individual deposition on July 27, 2023, it contends that it has since acquired spreadsheets showing sales data from "Bo Stegall-The Collection" products and is entitled to question the corporate entity responsible for these sales, which it believes to be Bo Stegall LLC. [*Id.* at 6.] It concedes, however, that the spreadsheets do not name or reference the

business entity responsible for the sales and that there appears to be no entity existing under the name "Bo Stegall-The Collection." [*Id.* at 6 n.2.]

In reply, Bo Stegall LLC contends that Head Kandy has essentially admitted that it is attempting to depose the entity that is responsible for selling Bo Stegall-The Collection products, which is not Bo Stegall LLC. [Doc. 4 at 3.]

After reviewing each side's arguments and the relevant evidence presented, it is not clear to the Court that Bo Stegall LLC is the proper entity to provide a response to Head Kandy's subpoena. Although the Court notes that Head Kandy is likely entitled to the information contained in the deposition topics in Exhibit A to the subpoena [Doc. 1-6 at 5], Head Kandy has failed to show that Bo Stegall LLC is the proper entity to provide this information. The Court therefore concludes that the subpoena should be quashed under Rule 45.[2]

However, the Court declines to grant Bo Stegall LLC's request for attorney's fees or costs associated with this motion because it has not produced evidence that Head Kandy acted in bad faith or failed to "take reasonable steps to avoid imposing undue

---

[2] As noted, Bo Stegall LLC makes an additional argument regarding Head Kandy's failure to tender the witness fees for the deposition with the subpoena. [Doc. 1-1 at 5.] Though this may technically violate Rule 45, Head Kandy has represented that it subsequently sent the requisite fee via mail. [Doc. 2 at 10–11.] The Court therefore finds that this oversight does not serve as grounds to quash the subpoena. Likewise, any arguments regarding the timeliness of Head Kandy's notice of the deposition are inconsequential, as the deposition has effectively been stayed by the filing of the motion to quash. [Docs. 1 at 6; 2 at 11.] Finally, despite Head Kandy's argument to the contrary, the Court elects to quash the subpoena rather than transfer the matter to the Southern District of Florida because Bo Stegall LLC has not consented to transfer and there are no exceptional circumstances present. *See* Fed. R. Civ. P 45(f) ("When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances.").

burden or expense" on Bo Stegall LLC.  Fed. R. Civ. P. 45(d)(1); *see, e.g., Revak v. Miller*, No. 7:18-CV-206-FL, 2020 WL 1164920, at *11–12 (E.D.N.C. Mar. 9, 2020) (concluding, despite granting a motion to quash, that attorney's fees should not be awarded because the plaintiff's position, "while not ultimately adopted by the court, is reasonable," and plaintiff's counsel made efforts to confer regarding the dispute).

## **CONCLUSION**

Wherefore, based on the foregoing, Bo Stegall LLC's motion to quash [Doc. 1] is GRANTED in part.  The subpoena issued by Head Kandy to Bo Stegall LLC is hereby quashed; however, Bo Stegall LLC's request for attorney's fees is denied.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>United States District Judge

July 19, 2024
Greenville, South Carolina